### George W. Miller v. Marion Rosier.

*Motions: Record: Writ of error: Legality of arrest: Remedy: Habeas corpus.*
Proceedings on a motion to set aside a *capias ad respondendum* constitute no part of the record proper, and are therefore not subject to review on writ of error after final judgment. The proper remedy to test the legality of the arrest is *habeas corpus*, of which the defendant may avail himself before pleading.

*Breach of promise to marry: Statements: Admissions: Evidence: Damages.*
In an action for breach of promise to marry it is competent for the defendant to show statements of the plaintiff, made a few days after the engagement was broken, that she cared nothing for defendant; that all she wanted was his money; that she only proposed to marry him to spite his family; that she had refused to live at his house, and did not propose to marry him to live in any residence he had, or place where he was living, and the like; such statements amount to admissions of feelings on her part, while the engagement was in force, inconsistent with any purpose to fulfill the engagement in a spirit befitting the relation contemplated by it, and such as would render a breach of the contract of little if any injury to her.

*Breach of promise to marry: Pecuniary circumstances of defendant: Evidence.*
In such an action it is competent for the plaintiff to show the pecuniary circumstances of the defendant; but evidence of the value of a farm owned by

his father, and in which defendant had stated to plaintiff that he had invested all his property, not naming any amount, tends, in the absence of any showing that defendant had any legal interest in the farm, only to show the pecuniary circumstances of the father, which is immaterial to the issue.

*Breach of promise to marry: Charge to the jury: Damages.*   An instruction to the jury in such an action, that if they find for plaintiff they should award her such damages as would place her in as good a condition pecuniarily as she would have been if the contract had been fulfilled, is held to be altogether too complicated and conjectural in its elements to be of service as a guide to the jury.

*Heard April 14.     Decided April 20.*

Error to Kalamazoo Circuit.

*Arthur Brown,* for plaintiff in error.

*May, Buck & Powers,* for defendant in error. ·

COOLEY, J.

The defendant in an action for breach of promise to marry has brought the case here for review on exceptions after judgment against him in the court below.    He also relies upon certain errors which are supposed to appear in the record preceding the trial.

The suit was commenced by *capias ad respondendum,* upon which the defendant was arrested and held to bail. It was insisted that this arrest was erroneous, and reliance is had on *section 33 of article 6* of the constitution, which provides that " no person shall be imprisoned for debt arising out of or founded on a contract, express or implied, except in cases of fraud or breach of trust, or of moneys collected by public officers, or in any professional employment."    The return of the proceedings in the court below shows that a motion was made to set aside the proceedings on this ground, but the court denied it, and the defendant subsequently pleaded to the action.    The first error relied upon in this court is the action of the court below in denying this motion.

If error was committed in this denial, the defendant has mistaken his remedy.    The proceedings on such a motion

constitute no part of the record proper, and are therefore not subject to review on writ of error after final judgment. Conceding the arrest to be illegal, the court obtained full jurisdiction of the defendant when he pleaded to the merits, and the process then became immaterial. It was competent for the defendant to test the legality of his arrest on *habeas corpus* before pleading, and before further costs had accrued; and with this speedy and effectual remedy open to him,—to say nothing of any other,—it would be extremely undesirable, if it were admissible, that any error in the first process should be left for correction after final judgment, and after the parties had been put to the expense of what might then appear to have been a fruitless litigation; especially as any error in the proceedings on *habeas corpus* would be subject to prompt review in this court. But for the reason already given, we think the question of the legality of the arrest is not raised by the record.

Several questions are made on the evidence offered in the case by the defendant to rebut the *prima facie* case which the plaintiff had made out. Without giving the offers in detail, it will suffice to state that they consisted in propositions to show the statements of the plaintiff to third persons, made within a few days after the defendant's final refusal to marry her, that she cared nothing about him; that all she wanted was his money; that she only proposed to marry him to spite his family; that she had refused to live at his house, and did not propose to marry him to live in any residence he had or place where he was living; and the like. All these offers were rejected on the ground that they were made after the engagement had been broken.

The court appears to have regarded the proposed evidence as designed to bring out only the feelings and sentiments of the plaintiff after the wrong had been done, and at a time when she might justly be excused for harboring and expressing feelings of resentment, and perhaps of dislike. But the scope of these offers was much wider

MILLER v. ROSIER.

They proposed to show feelings on the part of the plaintiff while the engagement was in force, inconsistent with any purpose to fulfill the engagement in a spirit befitting the relation contemplated by it, and such as must have rendered a breach of the contract by defendant of little or no injury to her.   A woman engaged to a man she does not like can seldom suffer much damage from a breach of the engagement, and if she proposes to refuse to accompany the husband to his home when marriage shall have taken place, her complaint, if he withdraws his offer, cannot be entitled to very serious consideration.   And feelings and purposes of this nature may as well be shown by admissions made after a breach of the engagement as before. The material question would not be as to the time they were made, but what they tended to prove.—*Hook v. George, 100 Mass., 334.*

It is also alleged for error, that the plaintiff was allowed to show the value of the farm belonging to the defendant's father, as something the jury might consider in estimating damages.   The only ground on which it is claimed this evidence was admissible was, that from other evidence it had been shown defendant had made statements to plaintiff that his property was invested in this farm.   How much was thus invested he did not state, nor was there any evidence tending to show, that he then had any legal interest whatever in the farm, or if he had, that it was any thing more than nominal.   We think the court correctly held that evidence of defendant's pecuniary circumstances might be put in by the plaintiff, but this evidence only went to show the father's circumstances, which were wholly immaterial to the case on trial.

The charge of the court (given in full below *) is com-

---

*GENTLEMEN OF THE JURY:   This is an action brought by the plaintiff, against the defendant, to recover damages which she claims resulted to her, by reason of a breach of promise of marriage by the defendant;

The plaintiff claims that some time during the spring of 1871, the defendant entered into a contract, or agreement of marriage with the

MILLER *v.* ROSIER.

plained of, but in the main we think it just and right. One instruction given at the request of the plaintiff, that "if the jury find for the plaintiff they should award her such dam-

---

plaintiff, that engagement was broken by the defendant, whereby she sustained damages which she seeks here to recover.

In order to entitle the plaintiff to a verdict in this case, she must satisfy you by a preponderance of evidence, first: that a contract or engagement of marriage was made and entered into by herself and the defendant, and that the defendant broke off that engagement and refused to carry out the contract, without just cause.

The contract or promise of marriage, in order to be binding, must have been mutual, that is, they must have both assented or agreed to it at the same time.

If you believe from the evidence, that the defendant and the plaintiff did mutually promise and agree to marry, and that such promise and agreement was made in the spring of 1871, and that the defendant afterwards refused to carry out such agreement, and fulfill his promise without the consent, and against the will of the said plaintiff, then she is entitled to recover.

If you find the plaintiff is entitled to recover in this action, then it will be your duty to say how much or how large a sum you will allow her, and upon this point the matter rests almost entirely with you; as in this class of cases it is almost impossible to measure the damages as we would in ordinary cases of contract, as no money standard can be fixed by which to measure the value of the injury sustained, and every case must rest as to the amount to be awarded as damages, upon its own peculiar circumstances.

In measuring the damages in this case, if you arrive at that point, you will apply the rules I shall give you to the facts and circumstances, as developed by the evidence, and render a verdict for such an amount as in your judgment is warranted by the facts of the case, and as will compensate her, so far as she can be compensated by simple dollars and cents, for the injury and damage she has sustained by reason of this breach of contract.

If you find that on or about the month of May, 1872 (I think where I said '71, I should have said '72), and if the defendant and plaintiff mutually agreed to be married to each other in the fall next following, and that in December following the plaintiff requested defendant to fulfill his contract, and that he refused so to do, then the plaintiff is entitled to recover.

A promise to marry may be inferred, and an engagement to marry may be proved, by the conduct of the parties, and by those circumstances which usually accompany such a connection; and if the behavior of the parties is such as to countenance the belief that an engagement has taken place, that is evidence tending to prove the promise.

If you find for the plaintiff you should award her such damages as would place her in as good a condition pecuniarily as she would have been if the contract had been fulfilled.

If you find for the plaintiff then she is entitled to recover not merely an indemnity for her pecuniary loss and the disappointment of her reasonable expectations of material and worldly advantages resulting from the intended marriage, but also compensation for

ages as would place her in as good a condition pecuniarily as she would have been if the contract had been fulfilled," is one the elements of which are altogether too complicated

---

wounded feelings and the mortification and pain she has wrongfully been compelled to undergo, and for the harm that has been done to her prospects in life.

If you find for the plaintiff, in estimating the plaintiff's damages you may take into consideration the length of time the engagement had subsisted between the parties.

If you find for the plaintiff and also find that the defendant wantonly, willfully and causelessly broke his engagement to marry the plaintiff, you may in your estimation of damages consider the injury to the plaintiff's feelings and reputation, and any circumstances of indignity under which the wrong was done, and the consequent public disgrace to the plaintiff, together with any other circumstances belonging to the wrongful act and tending to the plaintiff's discomfort.

If you find for the plaintiff, and find that the defendant commenced paying his attentions to the plaintiff in October, 1870, that the parties became engaged in or about October, 1871; that the defendant shortly after broke this engagement, and again engaged himself to the plaintiff, that he broke this engagement in February or March following; that at his instance the engagement was again renewed in or about the month of May, 1872, and that he, in December, 1872, again refused to fulfill his contract; all these facts may be considered by the jury in determining the amount of damages to be awarded to the plaintiff.

The actual circumstances of the defendant may be considered by the jury so far as it shows the condition in life the plaintiff would have secured by the consummation of the marriage.

In the estimation of damages you may also take into consideration the age of the plaintiff; the probability of her forming a similar *connection;* or the fact as to whether she has a home of her own, or is comparatively alone in the world, and is compelled to reside with her friends.

You may also consider her anguish of mind, and if the engagement was renewed more than once, you may take into account the added insult and indignity to her feelings, the mortification occasioned by the publicity of the affair, and the plaintiff's wounded pride as well as the loss of marriage.

You may also consider, in estimating the damages, whether the engagement was generally known among the friends and families of the parties; whether the defendant, as the promised husband of the plaintiff, was treated by herself and by her friends in a manner tending to show their expectation of marriage.

You may consider whether in company with plaintiff he frequently visited her relatives and friends, and was by them treated as one of the family, and any other fact tending to show the constancy of the plaintiff, her firm faith in the defendant, and the consequent torture of her feelings by his failure to perform his contract and live up to his promises.

The question whether the defendant will, in view of his pecuniary circumstances, be able to pay the damages awarded, should have no influence with the jury in estimating their amount.

and conjectural to be of service as a guide to the jury, and we think it should not have been given.

The judgment must be reversed, with costs, and a new trial ordered.

GRAVES, Ch. J., and CAMPBELL, J., concurred.

---

If you find that the plaintiff did propose to marry the defendant, not through affection, but made the contract or promise of marriage for the purpose of getting money by this prosecution, then the plaintiff should not recover more than nominal damages, at least should recover nothing for wounded feelings and injured affections.

If the jury find the plaintiff consented to the breaking of the engagement, then she cannot recover on said contract.

That if the jury find that in May, 1872, the defendant offered himself in marriage, and was declined, then plaintiff cannot recover on said contract, though it should appear that she afterwards proposed to accept the offer, unless defendant assented to such subsequent acceptation.

I suppose that is true, gentlemen, that the contract must have been mutual between the parties. The law recognizes the right of a party to bring and prosecute an action for a breach of promise of marriage; that is a legal right, and as such, should be treated by all courts and jurors, and no prejudice, either for or against this kind of an action, should be allowed to sway your judgment or influence your verdict, but you should deal with this case as you would with any other. Apply, then, gentlemen, the principles of law already given you, and render such a verdict as shall accord with your judgment. Pass upon the evidence in the case. Take the case and deal with it candidly, and render such verdict as shall satisfy your consciences.