Freedman, J.
The action was brought by plaintiff to recover damages from defendant for breach of promise to marry. At the trial sufficient evidence was given by the plaintiff to call for the submission of the case to the jury.
Among other things evidence was admitted to the effect that the mother of the defendant was possessed of property and of real estate. The evidence was objected to by the defendantas incompetent, irrelevant and immaterial. The objection was overruled, the evidence admitted, and defendant duly excepted.
The question as to the admissibility of evidence of this character in all actions for breach of promise to marry was considered by the supreme court of Michigan, on a writ of error to the Kalamazoo circuit, in Miller v. Rosier, 31 Mich., 475. The assignment of error was that the plaintiff was allowed to show the value of the farm belonging to the defendant’s father ’as some *519 thing the jury might consider in estimating damages. The ground on which it was claimed that this evidence was admis•siblc was that from other evidence it had been shown that defendant had made statements to plaintiff that his property was invested in this farm. But Judge Cooley, in writing the opinion of the court for reversal, said: “ How much was thus invested he did not state, nor-was there any evidence tending to show that he then had any legal interest whatever in the farm, or if he had, that it was anything more than nominal. We think the court correctly held that evidence of defendant’s pecuniary circumstances might be put in by the plaintiff, but this evidence only went to show the father’s circumstances, which were wholly immaterial to the case on trial.”
And in Totten v. Read, 10 N. Y. Supp., 318; 32 St. Rep., 46, the general term of the court of common pleas reversed the judgment because the plaintiff had been allowed to give evidence of defendant’s declarations that he was the only heir of his uncle, who would leave him a large estate.
Under these decisions the admission in the case at bar of the evidence as to the property of the mother constituted error, and the error was of a substantial character. The case is entirely devoid of any sensational feature, and, aside from the defendant’s refusal to redeem his promise of marriage, the conduct of the defendant, according to plaintiff’s own testimony, was that of a gentleman. The plaintiff never earned but a small compensation, and the defendant was and is worth practically nothing in a pecuniary point of view. Under these circumstances the verdict of the jury, which was for the sum of $5,600, may be presumed to have been largely influenced by the fact that the plaintiff was permitted to prove that defendant’s mother owned property and real estate. The error could only be disregarded if it could be seen that the evidence illegally admitted did no harm. Jefferson v. N.Y. Elevated R. R. Co., 132 N. Y., 483; 44 St. Rep., 629. The burden of demonstrating that the illegal admission of the evidence did .no harm is on the plaintiff, and this she failed to do.
As long as the evidence may have affected the verdict, the general rule is that the error in its reception will not be cured by a direction to the jury to disregard it. Erben v. Lorillard, 19 N. Y., 299; O'Sullivan v. Roberts, 7 J. & S., 360; Newman v. Goddard, 3 Hun, 70; Allen v. James, 7 Daly, 13; Tabor v. Van Tassell, 86 N. Y., 642.
It is only where the evidence erroneously admitted is expressly withdrawn from the consideration of the jury, and the jury is speci fically and unqualifiedly instructed to disregard it, and there is other evidence sufficient to support the verdict, that it may be presumed that the instruction to the jury was complied with, and that the error was cured. Holmes v. Moffat, 120 N. Y., 159 ; 30 St Rep., 779.
In the case at bar there was no such specific and unqualified instruction to disregard. On the contrary, the trial judge refused to instruct thef jury to disregard the evidence altogether, and charged *520 that the circumstances of the mother of the defendant might be considered as showing what the condition and station of the defendant in society might be. Moreover, it is quite doubtful whether there is other evidence sufficient to support the amount of the verdict
The judgment and order should be reversed, and a new trial ordered, with costs to appellant to abide the event.
Gildersleeve, J., concurs.