MCNETTON *v.* HERB.

1. INTOXICATING LIQUORS—ACTION BY WIFE FOR UNLAWFUL SALES TO HUSBAND—EVIDENCE—CIVIL-DAMAGE ACT.

It is incompetent to show, in defense to an action for selling liquor to plaintiff's husband while intoxicated, that he endeavored to secure liquor from the saloonkeeper through others, or that certain statements were made in furtherance of the attempt, not in the presence of the husband.

2. TRIAL—ARGUMENT OF COUNSEL — IMPROPER CONDUCT—EVIDENCE.

Argument that a written statement of one of the witnesses, not produced by the plaintiff and in her possession, would prejudice her case if produced, is legitimate after a request made by defendant to produce the same, and an offer by plaintiff's attorney to reopen the case during the argument

and introduce the evidence, is error which is not cured by an admonition of the court to the jury not to consider it.

3. INTOXICATING LIQUORS—DECLARATION—SUFFICIENCY.
Evidence is admissible under a declaration which charges defendant with selling liquors to plaintiff's husband while intoxicated. 2 Comp. Laws, § 5398.

4. TRIAL—REQUESTS TO CHARGE—REFUSAL TO INSTRUCT JURY.
The trial court properly refused to give to the jury requested instructions which contained incorrect statements of fact.

5. INTOXICATING LIQUORS—DAMAGES—LOSS OF SUPPORT—TRIAL.
The defendants are entitled to a requested instruction that the damages should not include luxuries or the total earnings of the husband, and should not include sums spent in purchasing intoxicants, but should be limited by such necessities and comforts as are suitable to the station of the wife.

6. SAME—EVIDENCE—HUMILIATION.
The trial court correctly excluded evidence which tended to show a different reason than was given by the plaintiff for her failure to qualify because of humiliation for an office of a fraternal order to which she had been elected, such reason being immaterial.

Error to Allegan; Padgham, J. Submitted October 13, 1909. (Docket No. 71.) Decided November 5, 1909.

Case by Sylvia L. McNetton against Joseph Herb, principal, and Aaron Jones and Joseph Gietzen, sureties, under the civil-damage act. A judgment for plaintiff is reviewed by defendants on writ of error. Reversed.

*David Stockdale & Son* and *Charles Thew* (*Dunham & Phelps*, of counsel), for appellants.

*Barnard & Lewis* and *Wilkes & Stone*, for appellee.

BLAIR, C. J. Plaintiff brought this action to recover damages from defendant, a saloon keeper, and his bondsmen, alleged to have resulted from unlawful sales by defendant Herb to her husband from May 1, 1907, to November 15, 1907. Plaintiff secured a verdict and judgment in

her favor, and defendants bring the record to this court for review upon writ of error.

Counsel for appellants divide their argument in support of their assignments of error into three branches, and we consider them in the same order.

*First.* Rulings on the admission and rejection of testimony. Assignments of error 20–24 relate to the exclusion of testimony offered to show attempts on the part of plaintiff's husband to procure liquor from defendant Herb through others, and statements made in furtherance of such attempts out of Herb's hearing. The rulings of the court were in accord with our previous decisions. *Kehrig* v. *Peters,* 41 Mich. 475 (2 N. W. 801); *Van Alstine* v. *Kaniecki,* 109 Mich. 318 (67 N. W. 502).

The error complained of by assignment No. 25, if any was committed, was cured by the subsequent admission of the excluded testimony.

*Second.* Unauthorized and prejudicial conduct and remarks by counsel. Assignment of error 32 relates to the remarks of counsel in his closing argument relative to a written statement alleged to have been made by one Bowman, an important witness for defendants. Plaintiff testified on cross-examination as follows:

"I met Bowman at the asylum while my husband was there, and talked to him, but not about this suit. He did sign a statement there. I wrote it out in his presence and my husband's.

"*Q.* Where is that statement?

"*Mr. Barnard:* I have got it right here. We will produce it when Mr. Bowman is on the stand.

"*Mr. Thew:* I would like to have it for the purpose of cross-examination.

"*Mr. Barnard:* We object to producing it at this time.

"*The Court:* I won't order it at this time.

"*Mr. Thew:* Note an exception."

Bowman testified that he had a talk with plaintiff at the asylum, in which she sought to induce him to become a witness for her as to certain facts, for which she would

pay him well; that she desired to write to him later on, and he wrote down his name and address for her. Bowman's attention was not called to the alleged statement on cross-examination. On the argument to the jury, counsel for defendants argued that a statement signed by witness Bowman was in plaintiff's possession, but had not been introduced by her counsel, and that the reason why this was not produced was because it would not corroborate the claim of the plaintiff as to what the witness Bowman had told her. In the closing argument of counsel for plaintiff the following occurred:

"Now, there is the paper, gentlemen. (Referring to the paper she claimed that Bowman had signed in the asylum at her request, covering the statements that he had made and about which he was examined.) If they think that is a bluff, they may call it. If they want this paper read in this court, I will read it. If they want Mrs. McNetton put back upon the stand, I will put her there and let her swear to it.

"Mr. Thew: I except to this kind of argument.

"The Court: It would not be proper now to introduce any further testimony. It is not in the case and will not be considered by the jury."

The argument of defendants' counsel was legitimate and logical, and the statement of plaintiff's counsel with reference to the paper was without justification. Defendants' counsel lost the legitimate benefit of their argument through the action of plaintiff's counsel, and we cannot say that the remarks of the court removed the prejudicial effect.

The first assignment of error challenges the action of the court in overruling the objection of defendants' counsel to the reception of any evidence under the first and fourth counts of the declaration. The first count does, in our opinion, state a cause of action for selling to a person at the time intoxicated, and the objection was therefore properly overruled.

*Third.* Errors in charge of court. Assignment of

error No. 33 relates to the refusal of the court to give defendants' fourth request to charge. This request was properly refused, since it contained an incorrect statement of fact that "there is no evidence in this case that defendant sold liquor to plaintiff's husband during said period or at any other time while he was intoxicated."

The 37th assignment of error assigns error upon the refusal of the court to give the defendants' 7th request to charge, which was as follows:

" In measuring the damages in this case, if you find the plaintiff to be entitled to any damages, by a preponderance of evidence, you shall take into consideration her station in life, the habits of her husband in providing for her support, and the support furnished to her prior to the illegal sales, if any, you find to be proved. Plaintiff cannot recover the money spent by her husband in defendant's saloon, if any. She is not entitled to all the wages earned by her husband. At the most, plaintiff is entitled to only such support as she would have received but for the sales, if any, that you find to have been made to her husband illegally, and then only to such necessaries and comforts as are suitable to a wife in her station and situation in life and her husband's station and situation in life. She is not entitled in any case to luxuries. There has been evidence in this case of the earnings of the husband, but I charge you that his earnings alone is not the criterion to measure her support."

We are of the opinion that this request was a proper statement of the law, as far as it went, and should have been given. *Ganssly* v. *Perkins*, 30 Mich. 492; *Radley* v. *Seider*, 99 Mich. 431 (58 N. W. 366); *Manzer* v. *Phillips*, 139 Mich. 61 (102 N. W. 292). This request was not substantially covered elsewhere in the charge, as urged by counsel for plaintiff in support of the ruling.

Complaint is also made of the action of the court in excluding their offer to show the reason why plaintiff did not qualify for an office to which she had been elected by the Lady Maccabees, in rebuttal of the reason assigned by her of humiliation on account of her husband's conduct. We are of the opinion that the court did not err in this

respect, since the testimony of plaintiff as to her reasons for not qualifying was immaterial.

The judgment is reversed, and a new trial granted.

Grant, McAlvay, and Brooke, JJ., concurred with Blair, C. J.

Moore, J. I concur in the result and in the opinion, except as to what is said about the argument of counsel.