SPENCER *v.* SIMMONS.

1. BREACH OF PROMISE OF MARRIAGE — DAMAGES — EVIDENCE — PECUNIARY CONDITION.
   In an action for breach of promise to marry, it is error to admit evidence of the amount of property owned by the father of the defendant.

2. SAME—TRIAL—REMARKS OF COUNSEL.
   An argument by the plaintiff's attorney, unsupported by any

evidence of seduction or improper treatment, to the effect
that the defendant tried to trifle with his client's affections
and was a regular libertine, and had trampled plaintiff under
his feet, was prejudicial error, not cured by the instruction
of the court to disregard the remarks.

3. SAME — DAMAGES — AGGRAVATION — TRIAL — INSTRUCTIONS TO
   JURY—RES ADJUDICATA.

A charge to the jury that the notice filed with defendant's
plea, accusing the plaintiff of having an immoral charac-
ter, unless it was given in good faith, and the attempted de-
fense in accordance therewith, might be considered by the
jury as an element of damage, is erroneous, since the jury
might well infer that the defamatory charges would warrant
an additional assessment in damages, whereas a judgment
in the action could not be held to bar a further action for
slander.[1]

Error to Van Buren; Des Voignes, J. Submitted
February 15, 1910. (Docket No. 142.) Decided March
5, 1910.

Assumpsit by Nettie Spencer against Elgy Simmons
for breach of promise of marriage. A judgment for plain-
tiff is reviewed by defendant on writ of error. Reversed.

*Edward J. Anderson* and *Thomas J. Cavanaugh*,
for appellant.

*Barnard & Lewis*, for appellee.

STONE, J. This is an action for damages for breach of
promise to marry. The plaintiff had a verdict and judg-
ment for $1,141.66 in the court below, and the case is
brought here for review by the defendant, who has as-
signed many errors. Many of them relate to the admis-
sion of evidence, some to the conduct of plaintiff's coun-
sel in the argument of the case to the jury, and some to
the charge of the court. We shall not find it necessary
to consider them all. The following is complained of:

---

[1] As to evidence of character for chastity, in action for breach of
promise, see note to *State* v. *Roderick* (Ohio), 14 L. R. A. (N. S.),
748.

(1) Upon the cross-examination of the defendant, after asking how much property he owned, the plaintiff's attorney asked the following questions:

"*Q.* What interest, sir, have you got in the 400 acres that your father owns?

"*A.* I haven't got a cent in it.

"*Q.* Do you swear you haven't?

"*A.* Yes, sir.

"*Q.* Your father owns 400 acres there?

"*Mr. Cavanaugh:* Well, how is that material? His father's property can only be shown when it is shown he has an interest in it.

"*The Court:* Of course, it depends upon to what extent.

"*Mr. Anderson:* We take an exception.

"*A.* My father owns the property that is the home farm.

"*Q.* Your father and you do business together there, don't you?

"*A.* Why; yes, sir.

"*Q.* And always have in common?

"*A.* Since I was of age."

We think that the admission of this testimony was erroneous. Evidence as to the financial condition of defendant's relatives was inadmissible. 5 Cyc. p. 1014; *Miller* v. *Rosier*, 31 Mich. 475.

In the case cited this court said:

" It is also alleged for error that the plaintiff was allowed to show the value of the farm belonging to the defendant's father as something the jury might consider in estimating damages. The only ground on which it is claimed this evidence was admissible was, that from other evidence it had been shown defendant had made statements to plaintiff that his property was invested in this farm. How much was thus invested he did not state, nor was there any evidence tending to show that he then had any legal interest whatever in the farm, or, if he had, that it was anything more than nominal. We think the court correctly held that evidence of defendant's pecuniary circumstances might be put in by the plaintiff, but this evidence only went to show the father's circumstances, which were wholly immaterial to the case on trial."

In view of this record, and of the result of the trial, we think it was prejudicial error to allow this evidence to go to the jury.

(2) In the course of his argument to the jury, plaintiff's counsel made many extravagant statements. Some of them were not excepted to. The following, however, were excepted to, and error is assigned upon them:

" Oh, Cavanaugh, he just paws the air here because we have not produced a lot of witnesses. Here is a poor woman. She has not got a wad of money behind her—

" *Mr. Cavanaugh* (interrupting): Wait a moment. I object to that statement. There is no testimony in this record that she is a poor woman."

Again he said:

" This thirteenth defense they have got—you see they have 113 defenses in this case and this thirteenth one (reads plea). Now listen to that! In that plea he wants you to believe she was asking him to marry her, and, gentlemen of the jury, they spent over an hour's time to show that she wouldn't marry him.  *  *  * I asked him if she ever asked him to marry her, and he said she didn't. (Reads from plea). What do you think of that? Why, gentlemen of the jury, that villain never done any such thing, and we have 'got the goods on him.'

" *Mr. Anderson:* We take exception to those epithets.

" *The Court:* Yes; I think that is not proper.

" *Mr. Barnard:* Gentlemen of the jury, a man that will set up a plea of that kind, and then go on the witness stand, he either lied once or the other, and you cannot get away from it."

Again, in speaking of the defendant, counsel for plaintiff said:

" He has tried to trifle with her affections, and, gentlemen of the jury, when they are talking about illegitimate children, and talking about this female's reputation, I ask you, when they are talking about going in his pockets and taking money, are you going to say, gentlemen of the jury, that a libertine can go through the world in that manner, that men can trifle with women's affections and be a regular libertine, and then pass them up and it is all right, and they are not entitled to damages.

"*Mr. Cavanaugh:* I take exception to that remark. There is no testimony in this case that Mr. Simmons is a libertine.

"*The Court:* Yes; I think that should be eliminated from the talk and the jury should not consider that."

Mr. Barnard continued:

" Gentlemen of the jury, are you going to say that men who take liberties with women in that manner, and then scoff at and ridicule at, gentlemen of the jury, and tramp them under their feet, is entitled to all of the sympathy in this case ? "

We think that this was very extravagant and prejudicial language, especially in this case where there was no claim that the defendant had seduced or illtreated the plaintiff. As was said by Justice GRANT of similar language, in the case of *Reed* v. *Louden,* 153 Mich. 522 (116 N. W. 1073):

" We think that the record in this case does not justify the use of extravagant language, intended to inflame the prejudices of the jury. A jury is perhaps naturally prejudiced against a man who breaks an engagement to marry. He is, however, entitled to the unprejudiced judgment of a jury, and to an assessment of damages which is not increased by unjustifiable and extravagant language on the part of an attorney."

The above language and other similar to it is so intemperate that we cannot say it was not prejudicial, notwithstanding the court directed it should be eliminated, and not be considered by the jury. This court has in many cases expressed its opinion upon this subject. *Smith* v. *Jennings,* 121 Mich. 393 (80 N. W. 236); *People, ex rel. Esper,* v. *Plank Road Co.,* 125 Mich. 366 (84 N. W. 290); *Johnson* v. *Railway Co.,* 135 Mich. 353 (97 N. W. 760); *Thompson* v *Railway Co.,* 91 Mich. 255 (51 N. W. 995); *Hillman* v. *Railway,* 137 Mich. 184 (100 N. W. 399); *Whipple* v. *Railroad Co.,* 143 Mich. 41 (106 N. W. 690); *Detroit Nat. Bank* v. *Union Trust Co.,* 145 Mich. 656 (108 N. W. 1092, 116 Am. St. Rep. 319); *Dolph* v. *Railway Co.,* 149 Mich. 278 (112 N. W. 981);

*McNetton* v. *Herb*, 158 Mich. 525 (123 N. W. 17). Many other cases might be cited to the same effect. It would seem that after so many admonitions of this court counsel would begin to appreciate the point that this court will not allow a judgment to stand which has been obtained by the use of improper argument that has been prejudicial to the opposite party and not cured.

(3) It is also urged by appellant that he was prejudiced by the charge of the court upon the question of damages. It appears from the record that with his plea of the general issue the defendant gave notice that he would show that the plaintiff was a woman of bad character. Upon this subject the court gave the plaintiff's 13th request to charge, which was as follows:

"If you believe from the evidence that the defendant in this case has attempted to prove that the plaintiff was a lewd or base woman, and was immoral and was of bad character, and that he failed to establish and prove the same by a preponderance of evidence, and that such attempt was not made in good faith, or was made without any reasonable hope or expectation of establishing such fact, then such charge and failure on the part of the defendant may be taken in consideration of the damages in this case, providing, of course, the jury find the issues for the plaintiff."

And upon its own motion the court also charged upon the extent of the recovery the plaintiff would be entitled to should the jury find for her, as follows:

"She is entitled to recover for her pecuniary loss and the disappointment of her reasonable expectation of material and worldly advantage resulting from such intended marriage, her wounded feelings, mortification, and pain, and for harm done to her prospects in life, public disgrace, together with any other circumstances belonging to the wrongful act. And in fixing the amount you have a right to take into consideration the nature of the defense set up by the defendant, and if you believe from the evidence that the defendant promised marriage to the plaintiff, and then refused to carry out the promise, and if the defense set up by the defendant in this case is not sustained by the evidence, not made in good faith, and that defense

being injurious, if you find it so, to the reputation of the plaintiff, then you may take that into consideration as an element of damage."

The infirmity in this part of the charge is that, after stating the elements of damage, and instructing the jury to consider all of the circumstances belonging to the wrongful act, it gives them a new element of damages by reason of the defamatory language of the defendant in his pleadings and upon the trial. This subject was dealt with by this court in *Roberts* v. *Druillard*, 123 Mich. 286 (82 N. W. 49), wherein it was held that, in an action for breach of promise of marriage, evidence that defendant, in giving his reason for breaking the engagement, made certain false and slanderous statements concerning the plaintiff is admissible to show wantonness and malice by way of enhancing the damages for the breach of promise; but such defamation cannot properly be made the basis of an independent award of damages in such action. In our opinion the charge was not sufficiently guarded upon this point. The jury might well have understood, from the language used, that they would be at liberty to award full damages for these slanders and defamatory charges to the same extent as would have been permissible had the various slanders been counted upon in an action for defamation. Reference is made to the interesting discussion of this subject by Justice HOOKER in the case above cited. It certainly cannot be held that an action of slander is barred by a judgment upon the breach of promise, and yet such would be the logical result of permitting the jury to make an independent award of damages for the language and charge of the defendant.

For the errors above considered, the judgment of the circuit court is reversed, and a new trial granted.

HOOKER, MOORE, McALVAY, and BROOKE, JJ., concurred.