JENS, by guardian *ad litem*, Respondent, vs. DALLENDORFER, Appellant.

*June 5—June 29, 1933.*

J. B. *Allen* of Marshfield, attorney, and L. *Hugo Keller* of Appleton of counsel, for the appellant.

For the respondent there was a brief by *Fox & Fox* of Chilton, and oral argument by *Leo P. Fox*.

FRITZ, J.   Because prejudicial error in the admission of evidence, which materially affected the assessment of damages, requires a reversal on this appeal, it is not necessary to state at length the facts in evidence.   It is sufficient to note that the evidence establishes grossly immoral conduct on the part of each of the parties.   They first met on July 15th or 18th, 1931.   Plaintiff was then twenty years of age and a waitress in her parents' restaurant.   Defendant was twenty-three years of age, and was traveling about as a salesman in the employment of an oil business, in which his father was financially interested.   Plaintiff testified, and, notwithstanding conflicting evidence, the jury found, that on August 3, 1931, the parties promised to intermarry, and that on August 17, 1931, defendant refused to perform that promise, although plaintiff continued ready and willing to marry him.   The jury assessed plaintiff's damages on account of that breach of promise at $2,000.   Between July 15th and August 17th the parties were together on automobile trips on July 20th, 22d, 24th, 27th, August 3d, 7th, and 10th to 12th.   Neither claims that they had sexual intercourse on July 20th or 24th.   However, both freely admit that they had such intercourse by consent on August 7th, 10th, and 11th.   In relation thereto, the jury found that defendant, by reason of the promise to marry plaintiff, seduced her after making the promise and before his breach thereof.   The jury assessed plaintiff's compensatory damages on account of that seduction at $3,000.   Defendant testified that they also had such intercourse on July 22d and 27th and on August 3d.   Plaintiff in her testimony denied having intercourse on those dates, and the jury found that there had been none prior to the promise of marriage.   In so far as July 22d and August 3d are concerned, the only direct evidence on that issue is the contradictory testimony of the parties.   However, notwithstanding plaintiff's denial

of the commission of the act itself, her conceded voluntary participation, on July 22d, in creating conditions and circumstances, at the residence of her parents, during the latter's absence, which resulted in ample opportunity for—if they did not actually invite—the commission of the act, affords considerable occasion for concluding that the jury's finding is contrary to the evidence, in so far as conduct on July 22d is involved.

As to the conduct of the parties on July 27th there is occasion for still greater doubt as to the propriety of the jury's finding. Plaintiff likewise denied having intercourse on that date. However, as to occurrences on that date, she not only admitted the existence, with her consent, of conditions and circumstances which afforded ample opportunity for the act, but she testified herself as to lascivious remarks and conduct on her part that disclosed her willingness to its commission. Furthermore, that the parties had such intercourse on that date was testified to directly not only by the defendant, but also by another alleged eye-witness; and, in addition, there was considerable corroborating testimony by that witness and another companion. The undisputed facts and circumstances as to the occurrences and conditions on that occasion, render plaintiff's denial of the actual consummation of the act of intercourse in conflict with the uniform course of nature to such an extent that it is difficult to understand how any reasonably intelligent person can give credence to her denial. Whether the evidence meets the test which, in *Salchert v. Reinig*, 135 Wis. 194, 198, 115 N. W. 132, was held applicable under such circumstances, is certainly very doubtful. But for the fact that the learned trial judge, instead of considering plaintiff's uncorroborated testimony in denial of intercourse on July 27th incredible, is presumed, in ordering judgment, to have approved the jury's finding that the parties had no intercourse

prior to August 3d, we would consider it improper to permit that finding to stand.

In view of the dissolute and irresponsible character of the defendant, and the low moral standards of both parties, as disclosed by their admitted lascivious conduct, there is considerable basis (even in the absence of errors in admitting evidence bearing on those assessments) for defendant's contention that the jury's assessments are excessive in awarding plaintiff $2,000, as compensatory damages for defendant's breach of his promise to marry; $3,000 as compensatory damages on account of her seduction; and $2,000 as punitory damages. In addition to the matters referred to, which bear upon the actual loss to plaintiff by reason of defendant's failure to marry her, it appears that defendant has not been employed since August, 1931, and that he has no trade or profession, and no resources, excepting about $300. The jury's assessment of amounts which are unduly large in view of the relevant facts and circumstances was probably due to the admission, notwithstanding defendant's objections, of proof that the father of defendant had been the owner of a farm, and an interest in a livery stable, and had been engaged in the real-estate loan business and in an oil business for the past ten years, and was now a partner in the Marshfield Oil Company; that defendant's mother has separate property of her own; and that defendant's parents own their home in Marshfield.

That evidence as to the financial condition of defendant's parents was wholly immaterial. The admission thereof constituted prejudicial and reversible error. Mr. Justice COOLEY, in connection with the granting a new trial in *Miller v. Rosier,* 31 Mich. 475; 478, because of the admission of similar evidence in an action for breach of promise, said: "This evidence only went to show the father's circumstances, which were wholly immaterial to the case on trial."

That ruling was followed in *Spencer v. Simmons,* 160 Mich. 292, 294, 125 N. W. 9, 19 Ann. Cas. 1126; *Aldis v. Stewart,* 4 Misc. 389, 24 N. Y. Supp. 329. However, in this connection it should be noted that evidence as to the estate of a deceased relative, in which a defendant is entitled to share, is admissible. *Salchert v. Reinig, supra,* page 201.

*By the Court.*—Judgment reversed, and cause remanded with directions to grant a new trial.