BERTHA WORMSDORF v. THE DETROIT CITY RAILWAY
COMPANY.

*Negligence—Pleading—Concurring negligent acts—Use of cars by
street railway company—Evidence—Statements as to cause
of accident—Reputation of horse as unsafe.*

1. Where, in an action for negligence, the accident and resulting
injury are alleged as having been caused by several *concurring*
negligent acts and omissions of the defendant, *each* element of
negligence must be proved to warrant a recovery.

2. A street railway company is not required to furnish its road with
*new* cars, nor is it liable for using old ones, but, in *either* case,
must keep them in good repair, and fit for use, so as not to
endanger the safety of passengers.

3. Evidence of general knowledge and rumor among the employés of
a street railway company that a car had been on the road ever
since it was built is hearsay and irrelevant in a suit for injuries
received by a passenger.

4. Proof of the general reputation of a horse, driven before a street-
car, among the drivers and employés of the company, as unsafe
and unreliable, is admissible as tending to show the negligence
of the company in providing such an animal, and using it after
the company knew or should have known the unfitness of the
horse for the work.

5. In a suit against a street railway company for injuries received
by a passenger, the testimony of a witness to a conversation
between the driver and the superintendent, *after* the accident,
in which the driver stated that he had reported the car as having
a bad brake, etc., is inadmissible to bind the company with
notice of the defect claimed.

Error to Wayne. (Reilly, J.) Argued April 17, 1889.
Decided June 28, 1889.

Case. Defendant brings error. Reversed. The facts are
stated in the opinion.

*Brennan & Donnelly* and *Sidney T. Miller,* for appellant.
*Henry Ohrns* (*S. E. Engle,* of counsel), for plaintiff.

CHAMPLIN, J. This action was brought to recover damages arising from an injury to plaintiff while riding upon a street-car.

The negligence of the defendant was alleged to have consisted in neglecting to furnish proper and safe brakes and appliances for slacking the speed of cars in going a down grade, or for stopping a car, and in wrongfully and negligently furnishing and providing a braking apparatus with a weak, cracked, and defective connecting rod, which was utterly inadequate, unsafe, and positively dangerous to life and limb; that the rod was partly cracked and broken, and its situation and location under the car was open and exposed to view, and the defendant, by the exercise of ordinary care, could and would have known of the unsafe condition of said rod and braking apparatus, and did know thereof; and that in going over a bridge above the tracks of the Michigan Central Railroad, and descending the grade thereon westward, the said connecting rod broke asunder, rendering the front brake useless, so that the driver was powerless to check the speed of the car.

Also in neglecting to provide the car with a conductor to apply the rear brake, and conduct and assist in the care of the passengers.

Also in providing and furnishing as one of the team a dangerous and fractious horse, which had for a long time before then been known to defendant to be dangerous and at times unmanageable; and that the horses became frightened and unmanageable, and the cars rushed upon their heels, and they ran away.

Also in the neglect of the driver of the car in which the plaintiff was a passenger, which was going east, to stop and permit her to alight, but wrongfully and negligently accelerated the speed of his horses, so that the two cars came together with a crash.

The declaration alleges that by means of the premises afore-

said, and the wrongful conduct and negligence of the defendant and its driver aforesaid, the plaintiff was injured as stated in the declaration.

The declaration contains but one count, and the accident and resulting injury are alleged as having been caused by the several concurring negligent acts of and omissions of defendant. Had the connecting rod not broken, although the horse was fractious, and although there was no conductor, and although the driver of the east-bound car did accelerate his speed, and had not stopped and suffered the plaintiff to alight, the injury would not have been received by plaintiff. And so, if either duty upon the violation of which negligence is predicated had been performed, the accident would not have happened. It was necessary to the plaintiff's case under the pleadings to establish by proof each element of negligence alleged.

The testimony introduced by the plaintiff tended to show that Mr. Barry was superintendent of the road, and had general charge of the cars, horses, and men used and employed upon defendant's road, or at least of that portion of it upon which the accident happened.

The defendant was in duty bound to furnish and provide suitable cars, with proper and safe appliances for checking the speed of the cars on a descending grade, and for stopping them as necessity or convenience required, and to keep the same in good repair, and to provide safe horses for the transportation of passengers, and careful and prudent drivers. The defendant, however, is not liable as an insurer of the safety of its passengers, and is only liable for any injury which may happen through its own negligence or default, or the negligence or default of its servants.

There is no principle of law which requires the defendant to furnish its road with new cars to transport passengers, or which makes it liable for using old ones. Whether new or

old it is required to keep them in good repair, and fit for use, so as not to endanger the safety of passengers.

Plaintiff's counsel was permitted to ask his witness this question:

"Was it a matter of general knowledge and rumor among the men that this car had been on the road ever since it was built?"

The witness answered:

"Yes, sir; that was all the talk about there. Men who were there on ahead of me, that left the road before I went there, told me that this car was on there just after the road started running."

The court erred in admitting this testimony. It was not only hearsay, but entirely irrelevant to the issue.

It was shown that one of the horses which was attached to the car that collided with the one in which plaintiff was injured, known as "Gray Fannie," was a fractious and ungovernable horse, and required great care and skill at all times to handle. Knowledge of these facts was brought home to Mr. Barry, the superintendent of the company, which was sufficient to charge defendant with notice and knowledge of the unsafe disposition and habits of the animal, but in addition the plaintiff was permitted to show the general reputation of the horse "Gray Fannie" among the drivers and employés of defendant for being an unsafe and unreliable horse to drive before a street-car, and her propensity to run if anything came against her heels, as tending to prove that defendant had notice of the unfitness of the animal for street-car service, and retained it therein after it had such notice or knowledge. The defendant claims that such testimony was merely hearsay, and inadmissible.

The testimony was clearly admissible as tending to show the negligence of defendant in providing an unsafe horse, and using it after it knew or should have known its unfitness for the work. *Davis v. D. & M. R. R. Co.*, 20 Mich. 105;

*Hoyt v. Jeffers,* 30 Id. 181; *Hilts v. C. & G. T. Ry. Co.,* 55 Id. 437 (21 N. W. Rep. 878).

The testimony tended to show that within a few minutes after the collision the superintendent, Mr. Barry, arrived at the place, and the court permitted a witness to testify that Mr. Barry asked the driver of the west-bound car what the cause of the accident was, and the driver's reply that he thought it was because the brake-chain broke.

This perhaps was admissible as part of the *res gestæ,* under our ruling in the case of *Keyser v. C. & G. T. Ry. Co.,* 66 Mich. 390 (33 N. W. Rep. 867). But it was error to permit another witness to testify to a conversation which he claimed he heard between Mr. Barry and the driver immediately after the accident, as follows:

"The driver told Mr. Barry that he had reported the car to the barn, as having a bad brake; that he had reported the car to the barn before; that he didn't hear Barry ask anything as to the cause of the accident."

This narration of the driver was of a past transaction, and was no part of the *res gestæ,* and was inadmissible to bind the defendant with notice of the defect claimed.

The court charged the jury that there were four grounds of recovery, and that they might all stand or fall separately, and that, if they had satisfied the jury that the accident was caused by the negligence of the defendant upon either of the grounds stated, although they had failed in respect to the other three grounds, the plaintiff was entitled to recover.

We do not think the pleadings will support this portion of the charge. The declaration alleges wherein the defendant was negligent, and then alleges that by means of the premises aforesaid, which premises were the concurring acts of negligence set out, the accident occurred. There are four several acts of negligence alleged, but neither, alone, is said to have caused the injury, but the combined acts are alleged to have done so. If the breaking of the connecting rod was

purely accidental, and occurred without the fault or neglect of defendant, and the car rushed upon the horses upon the descending grade, and the defendant was not at fault in the team running away, I do not think the declaration is so drawn as to place the company in fault for the sole neglect of the driver of the east-bound car to stop and invite his passengers to alight. It would have to contain allegations of fact directly contrary to what is now charged. *Thompson v. F. & P. M. R. R. Co.*, 57 Mich. 300 (23 N. W. Rep. 820).

The judgment must be reversed, and a new trial ordered.

MORSE, CAMPBELL, and LONG, JJ., concurred. SHERWOOD, C. J., did not sit.