HARDING, APPELLANT, *v.* McLAUGHLIN, SHERIFF, ET AL., RESPONDENTS.

[No. 1,172½.]

[Submitted October 25, 1899.   Decided November 13, 1899.]

*Appeal — "Statement on Appeal" — Bill of Exceptions — Refusal of Trial Judge to Settle or Allow Bill of Exceptions—Application to Supreme Court to Prove Exceptions—Certification—Nonsuit.*

1.  Since July 1, 1895, the Statutes of Montana no longer recognize a "Statement on Appeal."
2.  Under Code of Civil Procedure, Section 1157, and Supreme Court Rule IV, Subdivision 14, allowing a bill of exceptions to be proved before a referee, by leave of the Supreme Court, when the trial judge refuses to settle it in accordance with the facts, and requiring the bill, when proved, to be certified by the chief justice as correct, etc., a bill proved before a referee on leave granted, but not certified to as correct, will be disregarded.
3.  Under Code of Civil Procedure, Section 1157, and Supreme Court Rule IV, Subdivision 14, allowing a bill of exceptions to be proved before a referee, by leave of the Supreme Court, when the trial judge refuses to settle it, a bill proved before a referee will be disregarded when his report fails to show that the judge's refusal to settle it because of delay in serving it was not justified.
4.  The remedy given by Code of Civil Procedure, Section 1157, and Supreme Court Rule IV, Subdivision 14, allowing a bill of exceptions to be proved before a referee, by leave of the Supreme Court, when the trial judge refuses to settle it in accordance with the facts, does not apply to a mere refusal of the judge to settle any bill whatsoever.
5.  Error in granting a nonsuit cannot be considered when there is no bill of exceptions.

*Appeal from District Court, Missoula County; Frank H. Woody, Judge.*

ACTION by Edward Harding against H. W. McLaughlin, as sheriff, and another.   From a judgment of nonsuit, plaintiff appeals.   Affirmed.

*Mr. W. M. Bickford* and *Mr. E. E. Hershey*, for Appellant.

*Mr. Jos. M. Dixon*, for Respondents.

**MR. JUSTICE PIGOTT** delivered the opinion of the Court.

This is an appeal by the plaintiff from a judgment of non-suit entered in 1897 in an action to recover the possession of personal property alleged to have been wrongfully taken and withheld by the defendants.

The transcript contains what is styled ''a Statement on Appeal.'' Since the 1st day of July, 1895, when the Code of Civil Procedure went into effect, the statutes of Montana no longer provide for or recognize a ''statement on appeal'' as a means whereby matters not part of the record proper may become parcel of the judgment roll; but, conceding that the mere name by which the paper is labeled is unimportant, and that it was intended as a bill of exceptions, we are nevertheless constrained to disregard it, for the reason that it is not authenticated. The judge who tried the cause refused to settle, allow, or sign the proposed bill; an application designed to be in conformity with section 1157 of the Code of Civil Procedure, and subdivision 14 of Rule IV. of the rules of this Court (44 Pac. vi.), then in force, was made to, and granted by, the justices of this court, for leave to prove that the judge below had refused to allow the exceptions of the plaintiff in accordance with the facts; a referee took evidence on the matter, and reported findings, which were filed in the office of the clerk of the court below, and also with the clerk of this court,—after which the plaintiff proceeded no further towards securing a settlement. The requirements of section 1157, *supra*, that the bill, when proved, must be certified by the chief justice as correct, and filed with the clerk of the court in which the action was tried, were not complied with in any respect. Certification by the chief justice (or in his absence by the senior associate justice), and the subsequent filing with the clerk of the trial court, are essential to the making of the bill, for section 1157 further provides that, when so certified and filed, ''it has the same force and effect as if settled by the judge who tried the cause.'' Moreover, had the proposed bill been so certified by the chief justice and

filed, its contents could not properly be examined, for the reason that the judge *a quo* refused to settle or allow it upon the ground (among others) that it was not served on the defendants within the time prescribed by section 1155 of the Code of Civil Procedure, and, for aught that appears to the contrary, the refusal was justified. The action was tried with a jury on the 22d day of April, 1897, and judgment was formally entered on the 9th day of the following June; the proposed bill of exceptions, designated as a "Statement on Appeal," was served upon the defendants on the 10th day of July, 1897. To preserve by bill the exceptions taken at a trial had with a jury, a draft of the bill must be served within 10 days, or such further time as may be allowed, after the entry of judgment. In this case more than 10 days elapsed between the entry of judgment and the service, and there is absolutely nothing in the report of the referee or elsewhere to show that the action of the judge in declining to settle the bill was not correct. If there was any enlargement of the time by stipulation of parties or otherwise, or a waiver on the part of the defendants of the right to object to the settlement because not duly served, the plaintiff, confronted as he was with the refusal of the judge, should have shown such fact. Again, the supposed bill must be disregarded for another reason: The rule declared in *In re Plume, ante,* 23 Mont 44, 57 Pac. 408, is in point upon this question, for it was there held that the remedy given by section 1157 and the rule of this Court does not apply to a mere refusal of the judge to settle any bill whatsoever, and it may be remarked in passing that this is all that was decided in that case, the determination of the question as to what is the proper remedy being unnecessary to a decision.

All the proceedings on the trial being eliminated, we have nothing before us except the pleadings, the order granting the motion for a nonsuit, and the judgment; the only error specified is the granting of the motion for a nonsuit, and this cannot be considered without reference to the evidence which was before the district court. The judgment is therefore affirmed.

*Affirmed.*