WHIPPLE *v.* MICHIGAN CENTRAL RAILROAD CO.

1. CARRIERS — INJURIES TO PASSENGERS — NEGLIGENCE — SUFFICIENCY OF EVIDENCE.

In an action against a railroad company for injuries to a passenger received in a train wreck, caused by a spreading of the rails due to a negligent lack of repair of the track, evidence examined, and *held,* that there was sufficient on the question of negligence charged to submit to the jury. *Hamilton* v. *Railroad Co.,* 135 Mich. 95, followed.

2. NEGLIGENCE—PLEADING—EVIDENCE.

In an action for negligence it is sufficient for ,the plaintiff to prove sufficient of the substantive charges of negligence contained in the declaration to make out a liability in fact, although negligent acts may be charged which are not proved. *Wormsdorf* v. *Railway Co.,* 75 Mich. 472, distinguished.

3. TRIAL—ARGUMENT OF COUNSEL.

In an action against a railroad company for personal injuries, statements by counsel for the plaintiff in argument that the defendant is not capable of feeling any sympathy, that it is not a living person, and pointing out a distinction between a corporation operating a business for gain and a human person conducting a like business, in that the corporation has no feeling, constitute reversible error.

Error to Monroe; Lockwood, J. Submitted October 5, 1905. (Docket No. 7.) Decided February 26, 1906.

Case by Sarah A. Whipple against the Michigan Central Railroad Company for personal injuries. There was judgment for plaintiff, and defendant brings error. Reversed.

. *C. A. Golden* and *George E. Tegart* (*Henry Russel* and *O. E. Butterfield,* of counsel), for appellant.

*Edward R. Gilday* and *Willis Baldwin,* for appellee.

MONTGOMERY, J. This case was once before the court, and is reported in 130 Mich. 460. A judgment for the

plaintiff was reversed and a new trial ordered. The case was sent back for a new trial and additional evidence was offered by the plaintiff. It is again urged that there was no evidence of the negligence charged which justified the submission of the case to the jury. Since the former decision the court has again had occasion to consider the facts surrounding the wreck in question, in *Hamilton* v. *Railroad Co.*, 135 Mich. 95. In that case we held that, upon the testimony there adduced, the question of the defendant's negligence was properly submitted to the jury. A careful examination of the testimony in the present record discloses a case quite as strong for the plaintiff as was presented in *Hamilton's Case*. We think it unnecessary to discuss this testimony in detail. That was done in *Hamilton's Case*. We think the case upon this question was a proper one for the jury.

A question is made on the pleadings in the present case. The declaration, which is in a single count, averred:

"The defendant did keep and maintain at the date aforesaid, and for upwards of one year prior thereto, an unsafe and dangerous road, extending over and through the places aforesaid, and especially at and near between the stations on said road of Vienna and Alexis, in the county of Monroe aforesaid, in this, to wit, that the defendant did not fasten the rails upon said road by fish plates or otherwise, and did not fasten or spike said rails upon the ties of said road at the place aforesaid, and did allow the ties upon said road at the place aforesaid and in the vicinity thereof to become decayed and rotten and the track, and rails unfastened thereto, by reason of which conditions said track and rails thereon became and were, for a long time prior thereto and until and after the said 9th day of November, 1899, unsafe and dangerous to run trains thereover, and when said train of cars of the defendant on said 9th day of November, 1899, on which said plaintiff was then and there a passenger, and while said train was running over said road, when, on account of the fault and negligence of the defendant as above set forth, the tracks and rails of the said defendant on which said train was running between the said stations of Vienna and Alexis at the place aforesaid spread out and became

out of place, that by reason thereof the said train became derailed while running at a high and excessive rate of speed, and was then and there wrecked and destroyed."

It is contended that, to entitle the plaintiff to recover under this declaration, it was necessary to show, *first*, that the cause of the accident was the spreading of the track; *second*, that the track spread because of the combination of circumstances averred, viz., that the rails were not fastened together, that they were not spiked to the ties, and that the ties were decayed and rotten, and that each element of this combination was due to the negligence of the defendant. The case of *Wormsdorf* v. *Railway Co.*, 75 Mich. 472, is cited in support of this contention. As we had recent occasion to say of this case, it has frequently been misunderstood. It has been pointed out that in that case the acts which were held essential to prove were dependent. See *Pinch* v. *Hotaling*, 142 Mich. 521. The headnote of the case of *Wormsdorf* v. *Railway Co.* is as follows:

"Where, in an action for negligence, the accident and resulting injury are alleged as having been caused by several concurring negligent acts and omissions of the defendant, each element of negligence must be proved to warrant a recovery."

This headnote does not state the law. The rule is elementary that, in an action of negligence, it is sufficient for the plaintiff to prove sufficient of the substantive charges of negligence contained in his declaration to make out a liability in fact, although negligent acts may be charged which are not proven. Nor do we think this headnote is a correct statement of the holding in the case. The language of the decision is as follows:

"The declaration contains but one count, and the accident and resulting injury are alleged to have been caused by the several concurring negligent acts of and omissions of defendant."

The court proceeds:

"Had the connecting rod not broken, although the horse

was fractious, and although there was no conductor, and although the driver of the east-bound car did accelerate his speed, and had not stopped and suffered the plaintiff to alight, the injury would not have been received by plaintiff. And so, if either duty upon the violation of which negligence is predicated had been performed, the accident would not have happened. It was necessary to the plaintiff's case under the pleadings to establish by proof each element of negligence alleged."

If the court was right in saying that the accident would not have happened but for the occurrence of all the facts referred to in the above statement, it would be true that the plaintiff would not be entitled to recover without regard to the pleadings, and it would be equally true that the plaintiff could not recover under the pleadings in the case or under any form of pleadings without establishing by proof each element of the negligence charged. That is the extent of the holding in that case, and it is the extreme limit to which the rule could be extended, having regard to precedent.

In the present case, if the rails, in fact, spread from any of the causes alleged, negligence on the part of the defendant might be found, and the fact that the declaration alleged other causes which might have contributed to the spreading of the rails does not result in the case being outside of the allegations.

Error is assigned upon the conduct of counsel, and we quote from the record of the argument of counsel for plaintiff, which was made the subject of objection and exception; the exceptions being noted in the extract as they appear in the record:

"*Mr. Baldwin:* When Mr. Golden comes to lay this matter before you, he will undoubtedly express a great deal of sympathy for Mrs. Whipple, both on behalf of himself and company. He will be very sorry that this accident happened. He will be very sorry she was injured. The company will be very sorry and will put her off with sympathizing words, and words only. This defendant here, when you speak of sympathizing, is not capable of feeling any sympathy. It is not a living per-

son.   (To which statement counsel for defendant did then and there except.)

"*Mr. Baldwin:* It is simply a fictitious person in law. It is an intangible thing.   It does not know what fear or sympathy is.   (To which statement counsel for defendant did then and there except.)

"*Mr. Baldwin:* And when he will talk to you about sympathy, just think of it.   What is the purpose of this corporation ?   Simply to make —

"*The Court :* I don't know as that characterization of the defendant is proper.   I think you had better avoid argument as to the particular character or condition of the defendant.   So far as damages, they stand the same as any other person.   They are responsible for their acts the same as any other person, in the same way.

"*Mr. Baldwin:* There is this difference between any corporation operating any business for gain or any other purpose, and that is this: If a human person is operating a business, there are two checks upon a man, only one of which there is on a corporation.   The man, in addition to his desire for gain, etc., has a human feeling which will check him from doing certain things which it would not check a corporation from doing because a corporation has no feeling.   (To which statement counsel for defendant did then and there except.)"

As much as we may regret the necessity of reversing this case for this error, we cannot overlook the infraction of rules so clearly laid down in our previous decisions relating to the conduct of counsel in the trial of causes. Here is a manifest and apparently studied purpose to induce the jury to deal with this defendant corporation differently than it would with an individual defendant, and when the court interrupts and directs attention to the impropriety of this conduct, so far from withdrawing the statements, plaintiff's counsel proceeds and undertakes to point out the distinction between a corporation operating a business for gain and a human person.   We have repeatedly held that such appeals to juries are improper. See *Johnson* v. *Railway Co.*, 135 Mich. 353, and cases cited.   If, with the light of our repeated decisions before them, counsel persist in ignoring rulings of the court, we

feel that the responsibility for the miscarriage of justice resulting from a new trial, if such occurs, must rest with them, and not with the court. Nor is it an answer in this case to say that, after the language used by plaintiff's counsel introducing his remarks, defendant's counsel did, in fact, express sympathy for the plaintiff. It is not strange that he should have attempted to, in some way, counteract the effect of this improper language. Nor if sympathy had been expressed already and this language been employed in reply to Mr. Golden, we cannot see in the argument of Mr. Golden a justification for the attempt to emphasize a supposed distinction between a human person operating a business and a corporation conducting a like business. Corporations are run by individuals. Its officers may be actuated by human sympathy as much when they are acting as representatives of a corporation as when acting as individuals. While it may be true that a corporation has no feeling, it is not always true that those who conduct corporations have no feeling. A case should be determined upon its merits, and when it has such weakness as to make necessary such unseemly appeals to prejudice the case ought not to prevail. If the case be such as to entitle the plaintiff to recover upon its merits, such appeals cannot be excused upon the ground of undue zeal. See, also, 5 Current Law, p. 259.

For this error, we feel constrained to reverse this judgment and to award a new trial.

CARPENTER, C. J., and HOOKER and MOORE, JJ., concurred.

GRANT, J. (*concurring*). The facts in this case and its companion case, *Sarah O. Whipple* v. *Railroad Co.*, infra, being substantially the same as those in *Hamilton* v. *Railroad Co.*, 135 Mich. 95, the majority opinion in that case must control, and I therefore concur in the conclusion reached by my Brother MONTGOMERY.

I also concur in the views expressed by him on the other points determined.